IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRAISURE E. SMITH,

              Plaintiff,                    No. CIV S-11-0412 MCE EFB P

      vs.

SOLANO COUNTY, et al.,

              Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.

      On June 28, 2011, the court ordered the United States Marshal to serve process upon defendants Cordero, Corey, and Firman.  The Marshal was directed to attempt to secure a waiver of service before personally serving the defendant.  However, if a waiver of service was not returned within 60 days, the Marshal was directed to (1) personally serve defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal service.

      On October 31, 2011, the United States Marshal filed a return of service with a USM-285 form showing total charges of $110.00 and $100.90 for personally serving defendants Firman

1   and Cordero.  The form shows the Marshal mailed defendants Firman and Cordero waiver of

2   service forms on June 29, 2011, but they did not respond within the 60-day deadline.

3          Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

4          If a defendant located within the United States fails, without good cause, to sign
           and return a waiver requested by a plaintiff located within the United States, the
5          court must impose on the defendant:
           (A) the expenses later incurred in making service; and
6          (B) the reasonable expenses, including attorney's fees, of any motion required to
           collect those service expenses.
7

8   Fed. R. Civ. P. 4(d)(2).

9          The court finds defendants Firman and Cordero were given the opportunity required by

10  Rule 4(d)(2) to waive service but failed to do so.  Although Firman and Cordero executed

11  waivers of service on November 4, 2011, they failed to do so in a timely manner before the U.S.

12  Marshal personally served them.  *See* Dckt. Nos. 19, 20.

13         Accordingly, the court hereby orders that:

14         1.  Within 14 days from the date of service of this order, defendants Firman and Cordero

15  shall pay to the United States Marshal the sum of $110.00 and $100.90 respectively, unless the

16  defendant at issue files a written statement showing good cause for his or her failure to waive

17  service.  The court does not intend to extend this 14-day period.

18         2.  The Clerk is directed to serve a copy of this order on the U.S. Marshal.

19  Dated:  November 14, 2011.

20

21                                   EDMUND F. BRENNAN
22                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

2